**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

JILLIAN BARNETT, *individually and on behalf of all others similarly situated*,

        Plaintiff,

v.

ATHLETA LLC,

        Defendant.

Case No. _____

State Court Case No. 2021-008870-CA-01

**Class Action**

## NOTICE OF REMOVAL OF CIVIL ACTION

**PLEASE TAKE NOTICE** that Defendant Athleta LLC ("Athleta" or "Defendant"), by and through its counsel, hereby files this notice of removal in the above-captioned action, currently pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, as Case No. 2021-008870-CA-01 (the "State Court Action").  This removal is made pursuant to 28 U.S.C. §§ 1332, 1441, 1453 and 1446.  For the reasons set forth below, this Court has subject matter jurisdiction.

**I.    BACKGROUND**

1.      On or about April 14, 2021, Plaintiff Jillian Barnett, individually and on behalf of all others similarly situated, commenced a putative class action against Athleta by filing a Class Complaint and Demand for Jury Trial (the "Complaint") in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.  A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2.      On April 29, 2021, Athleta was served with the Complaint.  A true and correct copy of the Affidavit of Service of Process is attached hereto as **Exhibit B**.

3.     True and correct copies of all process, pleadings, and orders in the State Court Action and not previously referenced are attached hereto as **Exhibit C**.

4.     The Complaint alleges that Defendant unlawfully intercepted Plaintiff's electronic communications in violation of the Florida Security of Communications Act, Fla. Stat. Ann. § 934.01, *et seq*. ("FSCA").  (Ex. A ¶ 1.)

5.     This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is filed within thirty (30) days after Plaintiff's service of the Complaint upon Athleta.

6.     Nothing in this Notice of Removal shall constitute a waiver of Defendant's right to assert any defense, including motions pursuant to Federal Rule of Civil Procedure 12, as the case progresses.

## II.     VENUE

7.     Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing the location where the State Court Action was pending. The Circuit Court in Miami-Dade County, Florida is located within the geographic scope of the Miami Division of the United States District Court for the Southern District of Florida. *See* 28 U.S.C. § 89(c).  Therefore, this Notice of Removal is properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

## III.     REMOVAL IS TIMELY

8.     This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).  Plaintiff filed her Complaint on April 14, 2021 and served the Complaint on Defendant on April 29, 2021. Defendant hereby files this Notice of Removal within thirty (30) days of service, as required by law.  *See, e.g.*, *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).

## IV.  JURISDICTION

9.     This Court has jurisdiction over this action under the Class Action Fairness Act ("CAFA"), codified under 28 U.S.C. § 1332(d) and § 1453, because: (A) it meets CAFA's definition of a class action; (B) the putative class consists of more than 100 members; (C) there is minimal diversity of citizenship; and (D) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d).

### A.     This Action Meets the "Class Action" Definition Under CAFA.

10.     The State Court Action is a "class action."  CAFA provides:

> [T]he term "class action" means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action . . . .

28 U.S.C. § 1332(d)(1)(B).  CAFA further provides "[t]his subsection shall apply to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8).

11.     Plaintiff filed the State Court Action as a putative class action.  (*See* Ex. A at 1 (titled "Class Action Complaint"); *id.* ¶ 1 ("This is a class action . . . ."), *id.* ¶¶ 20-29 (section entitled "Class Allegations").)  Plaintiff also asserts that she seeks to represent a class, defined as:

> [a]ll persons residing within the State of Florida (1) who visited Defendant's website and (2) whose electronic communications were intercepted by Defendant or on Defendant's behalf (3) without their prior consent.

(Ex. A ¶ 20.)  The class definition excludes Defendant as well as Defendant's employees or agents. (*Id.* ¶ 21.)  Accordingly, the Complaint clearly qualifies as a "class action" under CAFA.

**B.** **The Putative Class Exceeds 100 Members.**

12.     Plaintiff concedes that the putative class is "believed to be no less than 100 individuals." (*Id.* ¶ 22; *see also* **Exhibit D**, Declaration of Jeffrey Held, ¶ 5.) Accordingly, the proposed class has at least one hundred members in the aggregate. 28 U.S.C. § 1332(d)(5)(b).[1]

**C.** **This Action Meets CAFA's Minimal Diversity Requirement.**

13.     CAFA applies when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). "Under CAFA, federal courts . . . have original jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 and there is minimal diversity (at least one plaintiff and one defendant are from different states)." *McDaniel v. Fifth Third Bank*, No. 14-11615, 2014 U.S. App. LEXIS 10489, *2-*3 (11th Cir. June 5, 2014) (citing *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006)).

14.     Plaintiff alleges she is a citizen of Miami-Dade County, Florida. (Ex. A ¶ 5.)

15.     Athleta is a limited liability company. Thus, under CAFA, Athleta's citizenship is determined by looking to (i) the state where Athleta has its principal place of business and (ii) the state under whose laws Athleta is organized. 28 U.S.C. § 1332(d)(10) ("For purposes of this subsection and section 1453, an *unincorporated association* shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized.") (emphasis added).

16.     Though the Eleventh Circuit has not squarely addressed whether Section 1332(d)(10) applies to LLCs, it has historically treated them as "*unincorporated associations*" for jurisdictional purposes in traditional diversity cases. *See Rolling Greens MHP, L.P. v. Comcast*

---

[1] Although the putative class alleged by Plaintiff meets the threshold for jurisdictional purposes, Athleta denies that this action ultimately will prove appropriate for class treatment.

*SCH Holdings L.L.C.*, 374 F.3d 1020, 1021-22 (11th Cir. 2004) (discussing LLCs and opining "that Congress, if it so chooses, is capable of adjusting the rules of diversity jurisdiction to account for ***unincorporated associations***")  (emphasis added).

17.     A year after *Rolling Greens*, in 2005, Congress enacted CAFA, which expressly extends the jurisdictional treatment of corporations to "unincorporated association[s]," like LLCs.  *See* 28 U.S.C. § 1332(d)(10).

18.     Since then, the Eleventh Circuit has acknowledged that CAFA's Section 1332(d) "works a sea change in diversity jurisdiction" for class actions, "broaden[ing] diversity jurisdiction by establishing lower threshold requirements for jurisdiction and abrogating long-established precedent."  *Lowery*, 483 F.3d at 1193, 1200 n.40 (noting that "Section 1332(d)(10) sets forth how the citizenship of unincorporated associations is treated for purposes of CAFA's jurisdictional and removal provisions . . . .").

19.     Other Circuit Courts who have considered this issue have uniformly applied Section 1332(d)(10) to LLCs, and other unincorporated associations like limited partnerships.  *See Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 705 (4th Cir. 2010) (applying Section 1332(d)(10) to an LLC for jurisdictional purposes); *Davis v. HSBC Bank Nev., N.A.,* 557 F.3d 1026, 1028, 1032 n.13 (9th Cir. 2009) (applying Section 1332(d)(10) to a limited partnership for jurisdictional purposes).  Indeed, the Fourth Circuit conducted a thorough analysis of CAFA's legislative history and the jurisprudential history that gave rise to its enactment and "conclude[d] that the term 'unincorporated association' in § 1332(d)(10) refers to ***all non-corporate business entities*.**"  *Ferrell*, 591 F.3d at 705 (emphasis added); *see also Alvarez v. Loancare LLC*, No. 20-21837-CIV, 2021 WL 184547, at *8 (S.D. Fla. Jan. 19, 2021) (citing *Ferrell* favorably and applying Section 1332(d)(10) to an LLC).

20.     Athleta maintains its primary place of business in San Francisco, California, and is organized under the laws of Delaware. (*See* Declaration of Marie Ma, attached hereto as **Exhibit E**, ¶ 4.)  Therefore, under CAFA, Athleta is a citizen of California and Delaware for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(d)(10).

21.     Even if the Court were to find that Section 1332(d)(10) did not apply to LLCs, Athleta would still be considered a citizen of Delaware and California under the pre-CAFA diversity jurisdiction analysis.  *See Rolling Greens*, 374 F.3d at 1022 (for purposes of diversity jurisdiction, a limited liability company is deemed to be a citizen of each state where its members reside).  Using the *Rolling Greens* analysis, the sole member of Athleta is The Gap, Inc., a corporation that is incorporated in the State of Delaware, and that maintains its principal place of business in the State of California. (Ex. E ¶¶ 5-6.)

22.     Accordingly, because Plaintiff is a citizen of ***Florida***, and Athleta is a citizen of ***Delaware*** and ***California***, CAFA's minimal diversity requirement is satisfied.  28 U.S.C. § 1332(d)(2)(A).

   **D.     This Action Meets CAFA's Amount-in-Controversy Requirement.**

23.     CAFA creates original jurisdiction for "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(2).  The claims of the individual class members are aggregated to determine whether the matter in controversy exceeds $5,000,000.  28 U.S.C. § 1332(d)(6).  The amount-in-controversy analysis considers the amount the plaintiff has placed in controversy, not the amount the plaintiff is likely to recover.  *McDaniel*, 2014 U.S. App. LEXIS 10489 at *3 ("[T]he plaintiff['s] likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is *in controversy* in the case, not how much the plaintiffs

are ultimately likely to recover.") (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (emphasis in original).

24.     To satisfy this requirement, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 81 (2014); *see also Anderson v. Wilco Life Ins. Co.*, 943 F.3d 917, 925 (11th Cir. 2019) (same). Nevertheless, Athleta has submitted a declaration in support of its notice of removal that demonstrates the amount in controversy requirement is satisfied. (*See* Ex. D, ¶ 5.) When determining whether the $5,000,000 threshold has been surpassed, "a court may rely on evidence put forward by the removing defendant, as well as reasonable inferences and deductions drawn from that evidence." *Anderson*, 943 F.3d at 925 (citing *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014)). Athleta denies all liability alleged in the Complaint and further denies that class treatment is appropriate for this Action. However, if damages or restitution were awarded on Plaintiff's claims, the aggregate amount as to the putative class would satisfy the amount-in-controversy requirement.

25.     Though Plaintiff has not specified the amount of relief she seeks, the allegations in the Complaint (as well as reasonable inferences and deductions drawn from those allegations) make clear that the amount Plaintiff has placed in controversy is easily above $5,000,000, exclusive of interests and costs. Indeed, Plaintiff concedes that the proposed class of Florida residents is "numerous and geographically dispersed," and that "the aggregate damages sustained by the Class are potentially in the millions of dollars . . . ." (Ex. A ¶¶ 22, 28.)

26.     Specifically, the Complaint seeks declaratory and injunctive relief, liquidated damages, punitive statutory damages, and attorney's fees and costs. (*Id.* ¶¶ 39–41.) The liquidated

damages sought by Plaintiff are set forth by the FSCA, which provides for "liquidated damages computed at the rate of $100 a day for each day of violation or $1,000, whichever is higher." (Ex. A ¶ 39.)  The statute of limitations for an FSCA claim is two years.  Fla. Stat. Ann. § 934.10(3).

27.     Here, Athleta records show that there were more than 5,000 sales made on the Athleta website to unique persons with billing addresses in Florida during the two years prior to the filing of the Complaint.  (Ex. D ¶ 5.)  Thus, there necessarily were at least 5,000 Floridian *visitors* to Athleta's website during the period Plaintiff alleges Athleta was intercepting website visitor's electronic communications.  Since Plaintiff seeks statutory damages of at least $1,000 per class member, the amount of alleged statutory damages alone exceeds $5,000,000. Plaintiff's claims for attorney's fees and injunctive relief, including the cost of implementing the requested relief, only further confirm that the amount in controversy requirement is met.

## V.   NOTICE

28.     As required by 28 U.S.C. § 1446(d), a copy of this notice of removal is being served upon Plaintiff's counsel and a copy is being filed with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

29.     Defendant has paid the required removal fee to the Clerk of the Court.

30.     This Notice of Removal is signed pursuant to and complies with Rule 11 of the Federal Rules of Civil Procedure.

## VI.   CONCLUSION

WHEREFORE, Defendant Athleta LLC respectfully removes this action from the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida, Miami Division pursuant to 28 U.S.C. §§ 1332, 1441, 1453

and 1446 and respectfully requests that this Court to assume full jurisdiction over the cause herein,

as provided by law, as an action properly removed and to issue all necessary orders and process.

Respectfully submitted,

/s/ Jennifer Olmedo-Rodriguez, Esq.
Jennifer Olmedo-Rodriguez, Esq.
Fla. Bar No.: 605158
jennifer.olmedo-rodriguez@bipc.com
BUCHANAN INGERSOLL & ROONEY PC
One Biscayne Tower
2 South Biscayne Blvd., Suite 1500
Miami, Florida 33131
Tel: (305) 347-4080
Fax: (305) 347-4089

Ashley Bruce Trehan, Esq.
Fla. Bar No.: 0043411
ashley.trehan@bipc.com
Jordan D. Maglich, Esq.
Fla. Bar No.: 0086106
jordan.maglich@bipc.com
BUCHANAN INGERSOLL & ROONEY PC
401 E. Jackson Street, Suite 2400
Tampa, FL  33602
Tel: (813) 228-8180
Fax: (813) 229-8189

*Attorneys for Defendant Athleta LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 19, 2021, I electronically filed the foregoing and its attachments with the Clerk of the Court by using the CM/ECF system and sent the foregoing and its attachments via email to the following counsel of record:

Andrew J. Shamis, Esq.
ashamis@shamisgentile.com
SHAMIS & GENTILE, P.A.
14 NE 1st Avenue, Suite 705
Miami, Florida 33132

Manuel Hiraldo, Esq.
MHiraldo@Hiraldolaw.com
HIRALDO P.A.
401 E. Las Olas Blvd., Suite 1400
Fort Lauderdale, FL 33301

Scott Edelsberg, Esq.
scott@edelsberglaw.com
EDELSBERG LAW, PA
20900 NE 30th Ave., Suite 417
Aventura, FL 33180

*Attorneys for Plaintiff*

/s/ Jennifer Olmedo-Rodriguez, Esq.
Jennifer Olmedo-Rodriguez, Esq.
Fla. Bar No.: 605158
jennifer.olmedo-rodriguez@bipc.com
BUCHANAN INGERSOLL & ROONEY PC
One Biscayne Tower
2 South Biscayne Blvd., Suite 1500
Miami, Florida 33131
Tel: (305) 347-4080
Fax: (305) 347-4089

*Attorneys for Defendant Athleta LLC*